UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
UNITED STATES OF AMERICA

ALLEN WOODARD                                                CA: _____

VERSUS                                                       JUDGE: _____

DEPUTY EDDIE CAROL, DEPUTY HALL,
UNKNOWN DEPUTY, SHERIFF TONY MANCUSO,
On behalf of Calcasieu Parish Sheriff's Department           MAG: _____
*************************************************************************

**COMPLAINT FOR DAMAGES**

**1.**

**INTRODUCTION**

This is a civil rights lawsuit brought by the Plaintiff ALLEN WOODARD, for violation of Federally protected rights, as well as state law claims under La. C.C. art. 2315 and La. C.C. art. 2315.6 in relation to an excessive force perpetrated by Defendants. Compensatory and punitive damages are sought against the defendant officers in their individual capacities, and against the Sheriff for state law claims for vicarious liability in accordance with La. C.C. art. 2320.

**2.**

**JURISDICTION**

This action arises under the FOURTH and FOURTEENTH Amendments to the United States Constitution, and under the Civil Rights Act of 1871, 42 U.S.C. sections 1983 and 1988. This Court has jurisdiction of this cause under 28 U.S.C. sections 1331 and 1343. Venue is proper under 28 U.S.C. section 1391 in that the cause of action arises in the Parish of Beauregard, State of Louisiana, Western District of Louisiana and that all alleged acts occurred within the jurisdiction of Beauregard Parish and within the Western Federal District of Louisiana. Supplemental jurisdiction attaches to all State law claims under 28 U.S.C. 1367.

**3.**

Made Plaintiff herein is:

**ALLEN WOODARD**, is an adult residing in Beauregard Parish, Louisiana, who is a person of the full age of majority and having sufficient capacity to file these proceedings, and who can be served through his undersigned counsel of record.

**4.**

Made Defendants herein are:

**EDDIE CAROL**, on information and belief, an adult male residing within the Calcasieu Parish, Louisiana, who at all times relevant was acting in the course and scope of his employment and under color of state law while under the employ of Tony Mancuso, Sheriff, of Calcasieu Parish;

**DEPUTY HILL**, on information and belief, an adult male residing within the Calcasieu Parish, Louisiana, who at all times relevant was acting in the course and scope of his employment and under color of state law while under the employ of Tony Mancuso, Sheriff, of Calcasieu Parish;

**UNKNOWN DEPUTY**, on information and belief, an adult male residing within the Calcasieu Parish, Louisiana, who at all times relevant was acting in the course and scope of his employment and under color of state law while under the employ of Tony Mancuso, Sheriff, of Calcasieu Parish;

**TONY MANCUSO**, Sheriff of Calcasieu Parish, in his official capacity, only, as the employer of Eddie Carol, Deputy Hill, and Unknown Deputy, as the responsible party for all state law delicts under the doctrine of RESPONDIAT SUPERIOR for employees.

**5.**

**FACTUAL ALLEGATIONS**

On or about January 31st, 2020, Allen Woodard was walking through the woods in Calcasieu Parish, Louisiana, when he heard someone say, "I'm going to F*** you up!"

**6.**

Complainant, Allen Woodard, could not see who made the statement, so he continued to walk in the same direction in which he was originally going with his head down.

**7.**

After Allen Woodard walked approximately 20 yards further, one of the defendants yelled, "Hey B****!"

**8.**

Upon hearing the second profane statement, Allen Woodard stopped in his tracks.

**9.**

As Mr. Woodard stopped walking, Carol, Hill, and Unknown Deputy, one of which in control of canine deputy Big Baby, surrounded Woodard.

**10.**

Once the deputies surrounded Woodard with the dog and announced that they were executing a warrant, Mr. Woodard immediately began to beg for the deputies to not shoot him and to not allow the dog to bite him.

**11.**

Mr. Woodard was ordered to the ground. To which command, he complied, and hand cuffs were placed on him while he lied on the ground.

**12.**

Despite Mr. Woodard being completely compliant with the deputies' requests to submit and being handcuffed, one of the deputies gave a command, believed to be in German, for the dog to attack Mr. Woodard. During the dog attack on Woodard, the dog remained on the leash and in the direct control of one of the deputies and was acting at the command of one of the deputies.

**13.**

No weapons were found on Mr. Woodard's person, and he was never cited any violent or dangerous crime or any crime that would show that he was intending to evade the deputies' custody.

**14.**

As a result of the attack, Mr. Woodard suffered very many severe and serious injuries and damages.

**15.**

Mr. Woodard was caused to stay in the hospital for 11 days on antibiotics before he could be stitched close from the lacerations on his body from the dog's bite wounds.

**16.**

To date, Mr. Woodard suffers from severe mental anguish as a result of this incident, as well as disfiguring scars, swelling and severe pain where he was attacked.

**17.**

**CIVIL RIGHTS VIOLATION**

DEPUTY DEFENDANTS used excessive force by commanding the K-9 deputy to attack Mr. Woodard, with the intent to seriously harm him, which are violations of the Fourth and Fourteenth amendment to the United States Constitution.

**18.**

As a result of the excessive force of DEPUTY DEFENDANTS, ALLEN WOODARD suffered a horrible, protracted and painful attack from a dog with severe injuries and scarring, and as a further result, Plaintiff, suffered many special damages and general damages, including but not limited to pain, suffering, fright and apprehension, mental anguish, PTSD, loss of enjoyment of life, deprivation of his Federally protected rights against excessive force, wrongful death, and survival benefits as well as other damages to be proved at trial.

**19.**

Defendants' actions were malicious and willfully indifferent to the Plaintiff's federally protected rights under the Fourth and Fourteenth Amendments because they knew or should have known that ALLEN WOODARD's injury and damages would result from their use of excessive force, which was the legal and actual cause of his injuries. Punitive damages are demanded, as well as reasonable attorney's fees.

**20.**

Plaintiff alleges that at all relevant times, DEPUTY DEFENDANTS were acting under the color of law in the course and scope of their employment as deputy sheriffs for TONY MANCUSO, SHERIFF of Calcasieu Parish, Louisiana.

## STATE LAW CLAIMS

**21**.

Plaintiff seeks damages under La. C.C. art. 2315 for his pain and suffering (past, present and future), mental anguish, disability, loss of enjoyment of life, and loss of consortium (loss of service, society or spousal/family relationships) and medical expenses and lost wages.

**22.**

DEFENDANT SHERIFF TONY MANCUSO, in his official capacity, is liable for his servants' state law delicts under the theory of vicarious liability.

**23.**

### PUNITIVE DAMAGES AND ATTORNEY'S FEES

DEPUTY DEFENDANTS are liable for malicious and/or willful indifference to Plaintiff's federally protected rights. Accordingly, punitive damages and attorney's fees are demanded.

**24.**

### VICARIOUS LIABLILITY UNDER STATE LAW

DEPUTY DEFENDANTS were acting under color of their authority as Calcasieu Parish Sheriff's Department Deputies. The Calcasieu Parish Sheriff's Department, through Sheriff TONY MANCUSO, is liable for all state law delicts and torts of its employees committed in the course and scope of their employment. Therefore, the Calcasieu Parish Sheriff's Department is liable for all delicts of defendant officers concerning the facts of this incident under State law under CC Art. 2320.

**25.**

Plaintiffs respectfully request TRIAL BY JURY.

## PRAYER FOR RELIEF

Plaintiff prays that this Court assume jurisdiction over this cause, grant him compensatory and punitive damages, costs and attorney's fees, judicial interest running from date of demand, and award all other proper relief.

Respectfully submitted,

/s/ *Mary K. Beaird*
Attorney at Law
La. Bar Roll #34,440
303 E. Texas Street
Leesville, LA 71446
T (337) 944- 0299
F (337) 415- 0081
Mkb@marykbeaird.com